Dear Ms. Gibbs:
This office is in receipt of your request for an opinion of the Attorney General in regard to setting compensation for the police jury. You indicate that no ordinance has been enacted in Concordia Parish to set the method and amount of compensation for the police jury in accordance with R.S. 33:1233(A). You ask if the ordinance can be enacted setting compensation for the Police Jury at $856.00 per month for its members and $963 for the president, or as you state, "Is the language of R.S. 33:1233(A) (2)(b)(ii) permissive or mandatory as to the maximum salary?"
R.S. 33:1233 provides that every parish governing authority under the police jury system shall "by ordinance" provide for the method and amount of compensation. It further provides that the police jury may elect to go on a salary basis, and it had stated "in which event the maximum salary allowance shall be eight hundred fifty-six dollars per month for each member of the police jury and nine hundred sixty-three dollars per month for the police jury president." By Act 1159 of 1997 the statute was amended to now provide "the maximum salary allowable shall be * * * one thousand two hundred * * * dollars per month for each member of the police jury * * *."
We see no reason to depart from the conclusions reached in Atty. Gen. Op. 93-174 that the police jury must adhere to the requirements of R.S. 33:1223(A)(1) in adopting a salary schedule pursuant to an ordinance passed by a majority of the jurors at an open public meeting which has been properly advertised, but wherein the statute authorizes a maximum salary, it does not mandate or require that the police jurors receive the maximum amount of compensation.
Thus, in answer to your inquiry, the language of R.S.33:1233(A)-(2))(b)(ii) is permissive as to the maximum salary.
You are correct in your observation that the salary of an elected official cannot be reduced during his term. However, we find it pertinent to recognize there cannot be an increase in compensation during the term of office in which the increase is approved or within the last six months of the term of office in accordance with R.S. 33:405(G).
Additionally, we feel attention should be given to the conclusion of this office in several opinions that while the better policy is adoption of a specific ordinance for a salary increase, the increase may be allowed by enactment of the ordinance to adopt the annual budget that reflects the increase, Atty. Gen. Op. Nos. 97-142, 95-341, 94-219, 93-616.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 15, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General